**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PROMOTE INNOVATION LLC, § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 2:10-cv-135-TJW-CE |
| § | |
| LITTLE KIDS, INC., § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the Court is Defendant Little Kids, Inc.'s ("Little Kids") Motion to Transfer Venue. (Dkt. No. 7.) The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue for Defendant to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff Promote Innovation LLC ("Promote"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

**II.   Factual and Procedural Background**

Promote is a Texas limited liability company with a principal place of business in Houston, Texas, which is situated within the Southern District of Texas. (Dkt. No. 1.) Defendant Little Kids is a corporation organized under the laws of Rhode Island and has its principal place of business in Seekonk, Massachusetts. (Engle Decl. at ¶¶ 1, 3, attached to Dkt. No. 7.)

Promote brought this action against Defendant for an alleged violation under 35 U.S.C. § 292 for false patent marking. Promote alleges that Defendant has marked and continue to mark its products with U.S. Patent No. 5,105,975 ("the 975 Patent"). The present issue is Defendant's Motion to Transfer Venue. (Dkt. No 7.) Defendant moves this Court to transfer venue in this case to the District of Rhode Island. The following pages outline the Court's analysis.

### III. Analysis

#### A. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit and Federal Circuit have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314. This Court has confirmed that for cases alleging false patent marking, although the Plaintiff in these *qui tam* actions is bringing the lawsuit on behalf of the United States, the burden is the same in these cases as the burden announced in *Volkswagen II*. *See Texas Data Co., L.L.C. v. Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, 2011 WL 98283 (E.D. Tex. Jan. 12, 2011) (J. Ward).

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If

the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

    **B.**    **Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in the District of Rhode Island, and this Court agrees. Therefore, the threshold determination is met.

    **C.**    **Private/Public Interest Factor Analysis**

        *1.*    *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first private interest factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. The plaintiff's documents are located in Houston, Texas and are closer to the Eastern

3

District of Texas. But the majority of relevant sources of proof in this case are in the custody of Defendant, given the nature of the false marking statute.[1] The vast majority of Defendant's documents are located in either Rhode Island or Seekonk, Massachusetts, which is less than eight miles from the District of Rhode Island courthouse. None of Defendant's documents are located in Texas. Therefore, this factor favors transfer.

### 2. Availability of Compulsory Process

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the Court's absolute subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. This factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue. *See id.* This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *See id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Following the reasoning stated in *Promote Innovations LLC v. Ortho-McNeil Pharmaceutical*, *LLC*, 2:10-cv-109 (E.D. Tex. Jan. 12, 2011), this factor considers only non-party witnesses. In other words, witnesses that are a party or a party's officers are not considered. In addition, current employees have an employment relationship with a party and should be considered party witnesses. *Accord Emanuel v. SPX Corp. OTC Tools Div.*, 6:09-cv-220, 2009 WL 3063322, at *5, n.2 (E.D. Tex. Sept. 21, 2009) ("Current OTC employees, however, appear to have an employment relationship with SPX and should be considered party witnesses.").

---

[1] The statute is "a criminal provision" and the primary focus of the statute is the conduct and intent of the defendant. *See* 35 U.S.C. § 292, Historical and Statutory Notes.

The parties have identified few potential witnesses that are non-party witnesses. The minimal number of non-party witnesses in this case is not surprising, however, given the context of this case, which alleges a *qui tam* cause of action against Defendant for an alleged violation of 35 U.S.C. § 292 for false patent marking. In these types of cases there are generally two central facts that give rise to Plaintiff's claim: (1) the markings on the products themselves; and (2) Defendant's intention with respect to those markings. Therefore, it is logical for most of the witnesses in this case to be party witnesses because most of the relevant evidence in this case will likely revolve around the intent of Defendant and the action of the Defendant in marking its products.

Neither party has identified any potential non-party witnesses residing within 100 miles of Marshall, Texas. On the other hand, neither party has identified any potential non-party witnesses residing within 100 miles of the District of Rhode Island—or any court within. Neither forum has any greater subpoena power in this case than the other. Therefore, this factor is neutral.

    3.    *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the District of Rhode Island. The Court must consider the convenience of both the party and non-party witnesses. *Volkswagen I*, 371 F.3d at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009). As indicated above, the significant majority of potential witnesses in this case are located near Rhode Island. The defendant names two witnesses that are likely to testify and are located in Seekonk, Massachusetts, which is less than 8 miles from the District of Rhode Island courthouse. The defendant is not aware of any potential witnesses located in the Eastern District of Texas or within 100 miles of the Marshall Division. (*Id.*)

Promote has contended that the managing member of its company, Zachariah Harrington, will likely testify, and because he is located in Houston, it will inconvenience him to travel to the District of Rhode Island. The Court agrees that travelling to the District of Rhode Island would be a greater inconvenience to Mr. Harrington. The defendant, however, has shown at least two witnesses that would be inconvenienced in traveling to the Eastern District of Texas compared to one witness from Plaintiff that would be inconvenienced travelling to the District of Rhode Island. Further, none of the potential witnesses in this case is located within 100 miles of the Marshall Division courthouse. Therefore, this factor slightly favors transfer.

    4.  *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* Further, the Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). Because problems with judicial economy do not exist here, this factor is neutral.

    5.  *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* Defendant points

out that the median time to trial for the Eastern District of Texas was 26 months in 2009 and the median time to trial in the District of Rhode Island was 19 months. This factor is the "most speculative," however, as the Federal Circuit noted. Further, Defendant Little Kids additionally sought an extension of time to answer in this case, and its answer consisted of this motion to transfer and a motion to dismiss. Therefore, Defendant has less ground to complain about a potential seven month delay until trial in the Eastern District of Texas as compared to the District of Rhode Island. Any prejudice Defendant may suffer from this delay is partially caused by its own actions. The Court holds that this factor is neutral.

      6.    *Local Interest*

The Court considers local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

This case is like *TS Tech* because the only local interest is that the product at issue is sold in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321. As in *TS Tech*, "[n]one of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue." *Id.* The plaintiff company does not even have an office in the Eastern District of Texas; instead, its office is in Houston in the Southern District of Texas. Further, in accordance with Fifth Circuit and Federal Circuit precedent, the fact that the allegedly falsely marked product is sold in the Eastern District

of Texas cannot, by itself, make the local interest factor weigh against transfer. *See id.* ("The vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"); *Volkswagen II*, 545 F.3d at 317-18.

In contrast, the District of Rhode Island has a particularized interest in the resolution of this case. The defendant in this case is incorporated in Rhode Island and its major business operations are conducted approximately eight miles from the District of Rhode Island courthouse. Further, the individuals responsible for making the decisions to mark the accused product with the patent are located very close to Rhode Island. This is an important consideration because, as noted above, one of the key issues in a claim under 35 U.S.C. § 292 is the intent of the party marking the product with the patent. Therefore, this factor weighs in favor of transfer.

       7.    *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the District of Rhode Island and the Eastern District of Texas are equally capable of applying the law regarding false patent marking claims; therefore, this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320.

       8.    *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor is neutral.

**E.    The Court Grants Defendant's Motion to Transfer**

Considering all of the private and public interest factors, the defendant has met its burden of showing that the District of Rhode Island is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. This Court recognizes the "significant burden"

on a movant in a motion to transfer venue.  Indeed, as stated in *Texas Data*, "[t]he Fifth Circuit in *Volkswagen II* recognized this "significant burden" and issued a writ of mandamus to transfer only after it found that four of the eight *Gilbert* factors weighed in favor of transfer and no factors weighed against transfer."  *Texas Data*, 2011 WL 98283, at *14.  In this case, however, ease of access to sources of proof and local interest weigh in favor of transfer and cost of attendance for willing witnesses slightly weighs in favor of transfer.  No factors weigh against transfer.  Therefore, on balance, two factors weigh in favor of transfer and one factor slightly favors transfer, so Defendant has met its "significant burden" of showing the District of Rhode Island is "clearly more convenient."  Defendant's motion to transfer venue is GRANTED.

## IV.   Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Transfer Venue to the District of Rhode Island.

It is so ORDERED.

SIGNED this 23rd day of February, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE